IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HEELING SPORTS LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:07-CV-2057-B |
| vs. | § | |
| | § | |
| ALDI, INC., | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM ORDER

Having considered Plaintiff Heeling Sports Limited's Unopposed Motion for Leave to File Plaintiff's First Amended Complaint to add additional defendants (doc #19), the Court hereby GRANTS the Motion as set forth below.

## BACKGROUND

Plaintiff filed its original complaint for patent infringement on December 10, 2007. After Defendant Aldi, Inc. answered on February 2, 2008, the Court entered a scheduling order in this matter (doc #12). Per the Court's March 7, 2008 order, amended pleadings were due no later than July 11, 2008. On July 24, 2008, Plaintiff filed the instant unopposed Motion for leave to file an amended complaint to add new parties to this dispute. Plaintiff alleges, and Defendant apparently does not dispute, that it first learned of these new parties on June 30, 2008 in discovery responses from Defendant.

## ANALYSIS

Although Plaintiff argues that it should be given leave to amend based on Federal Rule of Civil Procedure 15, Rule 16(b) actually applies to Plaintiff's request. Because the deadline to amend

pleadings has passed, Plaintiff must demonstrate that there is good cause to amend the scheduling order to allow it to file out of time. Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge."); *S&W Enters., LLC v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order. *Sw. Bell Tele. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). In determining whether good cause exists, the Fifth Circuit employs a four part test considering: (1) the explanation for the failure to timely move for leave to amend, (2) the importance of the amendment, (3) potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice. *S&W Enters.*, 315 F.3d at 536.

Considering the Fifth Circuit factors, first, Plaintiff's explanation for its failure to timely move to amend is that it did not know about the proposed additional defendants until June 30, 2008, less than one month ago, yet before the deadline to amend pleadings. Because Defendant did not oppose Plaintiff's Motion, the Court assumes that Plaintiff's explanation is undisputed. Still, the "party seeking relief [must] show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535; *Sw. Bell Tele.*, 346 F.3d at 546. Plaintiff did not show that it could not have met the amended pleading deadline, considering that it knew about the additional parties two weeks before the deadline (July 11), and could have served discovery on Defendant earlier in the case so it would have received the responses back sooner.

Considering the second Fifth Circuit factor, the amendment to allow additional parties is relatively important, as allowing the new parties to be joined means that all circumstances

surrounding alleged infringement by the current defendant could be explored and resolved in one dispute. Third, the only potential prejudice from allowing this amendment is the possibility that the scheduling order would have to be modified to provide the new defendants sufficient time to develop and submit invalidity contentions and conduct any discovery they might find necessary prior to the *Markman* hearing, which is currently set for October 23, 2008. Fourth, the potential prejudice could be cured by a short continuance of the *Markman* hearing and remaining case deadlines.

Thus, the Court finds that although Plaintiff could have moved to add the new parties prior to the deadline in the scheduling order, that deadline only expired about two weeks ago. Moreover, Plaintiff learned the identity of the proposed additional defendants less than one month before it sought to add them in this matter. In the balance, Plaintiff's relatively quick motion combined with the availability of a continuance to cure any resulting prejudice militates in favor of finding good cause for allowing the complaint to be amended at this time.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's Motion for Leave. Plaintiff shall file its First Amended Complaint within three (3) business days of the date of this Order.

**SO ORDERED.**

**Dated: July 29, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE